IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL M.,[1] | ) |
|     Plaintiff, | ) |
| | ) No. 24 C 11391 |
| v. | ) |
| | ) Magistrate Judge |
| FRANK BISIGNANO, | ) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Michael M.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [14] is denied, and the Commissioner's cross-motion for summary judgment [17] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 8, 2021, Plaintiff filed a claim for DIB, alleging disability since December 31, 2020. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 6, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On October 17, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of December 31, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: cardiac ischemia; degenerative joint disease of the bilateral hips; and degenerative joint disease of the left shoulder. The ALJ concluded at step three that Plaintiff's

2

impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"): can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; is able to stand and/or walk for a total of about six out of eight hours; is able to sit for a total of about six out of eight hours; can occasionally climb ramps and stairs, and can occasionally stoop, kneel, balance, crouch, and crawl, but can never climb ladders, ropes, or scaffolds; can reach overhead with his left upper extremity no more than occasionally; should avoid concentrated exposure to extreme temperatures; is limited to working in non-hazardous environments; is able to drive at work, but should not operate moving machinery, work at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery. At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as a security guard. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

3

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

4

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision

5

must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in finding that Plaintiff's statements were not entirely supported; (2) the ALJ failed to consider the effects of Plaintiff's physical and mental impairments in combination; and (3) the ALJ improperly rejected statements from Plaintiff's former coworker. Each argument will be addressed below in turn.

### A. The ALJ's Assessment of Plaintiff's Subjective Symptoms

For his first argument, Plaintiff contends that the ALJ erred in assessing his statements concerning his subjective symptoms. ([14] at 6-11.) Pertinent to that assertion, in his decision, the ALJ noted Plaintiff's alleged symptoms, including his allegation that "he is unable to work because of worsening and debilitating arthritis and low back pain that interferes with his ability to stand and walk." (R. 24.) The ALJ further noted that Plaintiff "reports pain in the left shoulder, with an inability to reach overhead and difficulty reaching to the side." (*Id.*) Additionally, the ALJ noted that Plaintiff "reports cardiac impairment with shortness of breath and difficulty breathing during weather extremes." (*Id.*) However, the ALJ determined that Plaintiff's statements and alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

6

The ALJ provided multiple reasons for discounting Plaintiff's alleged symptoms. For instance, the ALJ discounted Plaintiff's cardiac-related allegations because, *inter alia*, "the record show[ed] minimal cardiac complaints during the relevant period" and Plaintiff had "consistently normal cardiac examinations." (R. 24.) The ALJ discounted Plaintiff's shoulder allegations because, *inter alia*, Plaintiff had a successful surgery and later "denied any left shoulder pain and reported significantly improved range of motion in the left shoulder." (*Id.* at 25.) The ALJ discounted Plaintiff's allegations concerning his hips because, *inter alia*, Plaintiff could walk significant distances and had injections "which provided significant relief." (*Id.*) The ALJ discounted Plaintiff's allegations concerning sitting, standing, walking, and lifting because, *inter alia*, Plaintiff "cut the grass with an electric lawn mower and [could] spend 2-6 hours per day doing household chores." (*Id.* at 26.) The ALJ discounted Plaintiff's allegations concerning shortness of breath because, *inter alia*, "[t]he record does not demonstrate significant ongoing complaints regarding shortness of breath" and "Plaintiff often denied the same." (*Id.*) The ALJ discounted Plaintiff's allegations concerning short-term memory problems because, *inter alia*, the consultative examination showed "intact recent remote and recall memory." (*Id.* at 27.) In sum, the ALJ explained that Plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms[] . . . are inconsistent with [Plaintiff's] treatment history, his documented subjective complaints, his objective examinations and testing results and his documented activities of daily living." (*Id.* at 25.)

7

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanations and support outlined above, the ALJ reasonably determined that Plaintiff's allegations were not fully corroborated. *See Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App. LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Despite Plaintiff's protestations, the ALJ appropriately compared the record evidence to Plaintiff's allegations about his limitations and concluded,

8

reasonably, that Plaintiff's statements and testimony about the degree of limitation caused by his impairments were not fully corroborated by the record evidence.

Plaintiff contends in particular that the ALJ erroneously determined that Plaintiff's activities of daily living "translate[d] into an ability to perform work related activities on a full-time basis." ([14] at 8.) A review of the ALJ's decision reveals that he did not improperly equate Plaintiff's daily activities with an ability to work full time. Rather, the ALJ appropriately read into Plaintiff's relatively active lifestyle that his asserted impairments were not as severe as alleged. *See Darryl S. v. Kijakazi*, No. 22 C 3827, 2023 WL 3169617, at *4 (N.D. Ill. Apr. 28, 2023). As a general matter, in advancing his arguments concerning his allegations, Plaintiff nitpicks the ALJ's subjective symptoms assessment. However, this Court will not nitpick the ALJ's decision so as to require perfection, as that is not the applicable standard. *See Brenda L. v. Saul*, 392 F. Supp. 3d 858, 871 (N.D. Ill. 2019) ("The ALJ's decision may not be perfect, but it need not be.") (citations omitted); *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010) ("Rather than nitpick the ALJ's opinion for inconsistencies or contradictions, we give it a commonsensical reading.") (citation omitted). And, ultimately, Plaintiff has not shown that the ALJ's evaluation of his subjective symptoms was "patently wrong," as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).

9

### B. <u>Plaintiff's Impairments in Combination</u>

For his second argument, Plaintiff contends that the ALJ erred because he did not "evaluate the effects of [Plaintiff's] mild limitations in mental functioning[] in combination with [his] severe physical impairments." ([14] at 11.) The Court rejects Plaintiff's argument. The ALJ made clear that he "considered all of [Plaintiff's] medically determinable impairments, including those that are not severe, when assessing [Plaintiff's] residual functional capacity." (R. 21.) Further, Plaintiff has not demonstrated that any mild mental limitations coupled with his physical impairments required any corresponding RFC limitations. *See Martin P. v. Kijakazi*, No. 22 C 3038, 2023 WL 3258526, at *4 (N.D. Ill. May 4, 2023) ("[T]he Court concludes that Plaintiff has not demonstrated that his mild mental limitations coupled with his physical impairments required corresponding restrictions in the RFC. Correspondingly, the Court finds that the ALJ sufficiently considered whether mental limitations arising from Plaintiff's non-severe mental impairments were warranted."). Moreover, the Court concludes that Plaintiff's argument that the ALJ did not sufficiently consider his impairments together in combination fails as it amounts to an impermissible request that the evidence be re-weighed. *See Cindy P. v. Kijakazi*, No. 20 C 6708, 2022 WL 2802328, at *4 (N.D. Ill. July 18, 2022) ("While Plaintiff argues that the ALJ did not sufficiently assess her impairments in combination, the Court agrees with Defendant that Plaintiff's contention in that regard amounts to an invitation for the Court to reweigh the evidence."). Accordingly, the Court finds Plaintiff's second argument unavailing.

## C. The ALJ's Consideration of Michael Ludtke's Letter

For his final argument, Plaintiff contends that "[t]he ALJ improperly rejected statements from Plaintiff's former coworker/employer, Michael Ludtke." ([14] at 13.) The ALJ evaluated Mr. Ludtke's statements as follows:

> I considered the July 10, 2023 letter from Mr. Michael Ludtke, who was formerly employed by the claimant, wherein he provided his observations regarding the claimant's functioning in the workplace. This statement is not persuasive. Mr. Ludtke refers to incidents that occurred in 2015, five years prior to the alleged onset date. While Mr. Ludtke discusses the claimant's medical treatments and diagnoses, there is no evidence that he is a medical professional or has any first hand knowledge regarding the claimant's medical impairments. There is no evidence that Mr. Ludtke has reviewed the claimant's medical records or performed any examination of the claimant. Instead, it appears that any medical information known by Mr. Ludtke came directly from the claimant himself. Mr. Ludtke identifies a number of "accommodations" in the workplace. However, Mr. Ludtke indicates that the claimant was the owner of the business, so it appears that any "accommodations" were granted to the claimant by the claimant himself. There is no indication that a doctor provided these accommodations or that the accommodations were medically necessary. Moreover, these accommodations started five years prior to the alleged onset date, and the claimant was able to work at the substantial gainful activity level notwithstanding such accommodations.

(R. 29 (citations omitted).)

The Court finds no error in the ALJ's evaluation of Mr. Ludtke's third-party statements. As an initial matter, Plaintiff concedes that ALJ's are "not . . . 'required' to consider third-party statements by non-medical sources." ([18] at 5.) In any event, the Court otherwise finds that the ALJ provided sufficient explanations for discounting Mr. Ludtke's statements, including the explicit rationale that Mr. Ludtke's observations concerned events that were remote in time. For this and other valid reasons, the ALJ reasonably determined that Mr. Ludtke's statements

11

were not useful to the ALJ's assessment of Plaintiff's claim. Accordingly, Plaintiff's final argument is unavailing.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, For the reasons that follow, Plaintiff's motion for summary judgment [14] is denied, and the Commissioner's cross-motion for summary judgment [17] is granted.

**SO ORDERED.**                                                                  **ENTERED:**

**DATE:    May 27, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**